UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
TRUSTEES OF THE PAVERS AND ROAD  :
BUILDERS DISTRICT COUNCIL         :  **MEMORANDUM DECISION AND**
WELFARE, PENSION, AND ANNUITY    :  **ORDER**
FUNDS and TRUSTEES OF THE LOCAL  :
1010 APPRENTICESHIP, SKILL       :  22-cv-7237 (BMC)
IMPROVEMENT, AND TRAINING FUND,  :
                                  :
                    Plaintiffs,   :
                                  :
           - against -            :
                                  :
                                  :
LITEHOUSE BUILDERS, INC.,         :
                                  :
                    Defendant.    :
----------------------------------------------------------- X

**COGAN**, District Judge.

Defendant failed to make required benefit payments to plaintiffs' benefit funds. It has also failed to appear in this action, and plaintiffs have moved for a default judgment. The motion is granted.

## BACKGROUND

Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, and Annuity Funds and the Trustees of the Local 1010 Apprenticeship, Skill Improvement, and Training Fund (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds. Defendant Litehouse Builders, Inc. was an employer bound by a CBA with the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union"), and was required to contribute to the Funds.

As of the date of the default judgment motion, Litehouse has failed to remit benefit contributions to the Funds in the principal amount of $573,709.27, as well as union assessments

and dues check-offs of $39,622.66.  Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Section 302 of the LMRA, 29 U.S.C. § 185, the CBAs, and the Funds' policy for the collection of delinquent Fringe Benefit Contributions, which is incorporated by reference into the CBAs, Litehouse is liable to the Funds for the principal amount of delinquent contributions, union assessments and dues check-offs, interest on the delinquent contributions calculated at the annual rate of 10%, liquidated damages equal to 10% of the unpaid contributions, and attorneys' fees and costs incurred in collecting these amounts.

All-in-all, plaintiffs claim that Litehouse owes the Funds $695,774.88, representing, (1) delinquent contributions of $573,709.27, plus interest thereon of $17,897.28; (2) liquidated damages of $57,370.93; (3) union assessments and dues check-offs of $39,622.66; and late payment interest of $7,174.74.  The Funds have also incurred attorneys' fees and costs of $6,393.73, to which they are also entitled.  Accordingly, the Funds request that the Court issue a judgment in favor of plaintiffs and against Litehouse in the amount of $702,168.62.  Plaintiffs also request that the Court award plaintiffs interest on the unpaid contributions that has accrued between the time that plaintiffs' filed their motion for default judgment and the date of this decision.

Plaintiffs know about these violations because they engage the services of a third-party administrator, Zenith American Solutions, Inc., to monitor the submission of remittance reports by signatory employers such as Litehouse.  Zenith monitors whether signatory employers have submitted reports detailing the number of hours of Covered Work performed by a signatory's employees.  At the time this action was commenced on November 29, 2022, Zenith observed that Litehouse failed to remit contributions to the Funds for May and June 2022 and also submit reports detailing the number of hours of Covered Work performed by its employees for the

period July through September 2022. During the pendency of this action, Zenith determined that Litehouse submitted contributions to the Funds in full for June 2022. Zenith also determined that Litehouse submitted unfunded reports to the Funds detailing the number of hours of Covered Work performed by its employees for July through September 2022, but continued to fail to report the number of hours of Covered Work performed by its employees for the period October through November 2022.

Based on the unfunded reports submitted by Litehouse to the Funds, Zenith and the Funds determined that Litehouse failed to remit contributions of $465,264.29 and union assessments and dues check-offs of $34,799.40 for the periods May 2022 and July through September 2022.

Because Litehouse was two months delinquent in submitting reports to the Funds, under the Collection Policy, the Funds are entitled to estimate the amount of delinquent contributions and union assessments owed by Litehouse by reviewing Litehouse's remittance reports for the last twelve months for which payments were submitted. Per the Collection Policy, the Funds may project as the amount of the delinquency, the greater of the average of the monthly payments based on reports submitted by the employer for the last three or twelve months for which payments were made. Here, the Funds determined that the three-month average was the greater of the two and used that figure in their estimation calculation. Using this estimation protocol, the Funds estimate that Litehouse owes the Funds estimated contributions of $108,444.98 and estimated union assessments of $4,823.26 for the period October and November 2022.

Defendant was served with the summons and complaint but failed to answer, and the Clerk of Court has entered its default pursuant to Federal Rule of Civil Procedure 55(a). Plaintiffs have moved for a default judgment, and defendant has not responded.

## DISCUSSION

In light of defendant's default, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Federal Rule of Civil Procedure 55(b)(2) provides that when granting default judgment, a court may conduct a hearing if it is necessary to "determine the amount of damages" or to "establish the truth of any allegation by evidence." The Second Circuit has held that it is not necessary to conduct a hearing if a district court has "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks and citations omitted).

Of course, the allegations in the complaint must be adequate to show a defendant's liability. See Greyhound Exhibitgroup, Inc., 973 F.2d at 158. Here, as shown in the Background of the case set forth above, they are. Plaintiffs have amply alleged defendants' contractual obligation to make contributions to the benefit plans and remit deductions, as well as defendant's failure to make payments.

4

Plaintiffs have provided detailed calculations from the audit showing how much defendant owes in contributions, union assessments and dues check-offs, interest, liquidated damages, and late payment interest.

| Month | Unpaid Contributions | Unpaid Union Assessments/Dues Check-offs | Total Interest[1] | Liquidated Damages (10% of Contributions) | Late Payment Interest |
|---|---|---|---|---|---|
| September 2021 | - | - | - | - | $1,349.26 |
| December 2021 | - | - | - | - | $99.43 |
| March 2022 | - | - | - | - | $15.14 |
| April 2022 | - | - | - | - | $572.78 |
| May 2022 | $55,945.34 | $4,316.40 | $3,096.66 | - | - |
| June 2022 | - | - | - | - | $5,138.13 |
| July 2022 | $197,251.37 | $14,689.80 | $7,619.64 | - | - |
| August 2022 | $185,238.88 | $13,795.20 | $5,582.50 | - | - |
| September 2022 | $26,828.70 | $1,998.00 | $588.00 | - | - |
| October 2022 | $54,222.49 (based on 3-month average contributions [See Ex. P, Dkt. 16-6]) | $2,411.63 | $728.14 | - | - |
| November 2022 | $54,222.49 (based on 3-month average contributions [See Ex. P, Dkt. 16-6]) | $2,411.63 | $282.34 | - | - |

---

[1] Under the plan agreements, plaintiffs are owed interest on missed contributions in the amount of 10% per annum. To determine the amount of interest due, plaintiffs calculated annualized interest owed on missed payments and then converted this to a "daily interest" rate. Plaintiffs then multiplied the daily interest rate by the number of days between the payment due date and the date of plaintiffs' affidavits submitted in support of their motion for a default judgment, January 23, 2023. The Court used this same methodology to calculate the amount of interest due for the time between the filing of plaintiff's motion for default judgment on January 24, 2023 and this decision.

| Categorical Totals | $573,709.27 | $39,622.66 | $17,897.28 | $57,370.93 | $7,174.74 |
|---|---|---|---|---|---|
| | | | | Total | **$695,774.88** |

Plaintiffs have also established that they are entitled to $5,912.50 in attorneys' fees and $481.23 in costs.

## CONCLUSION

Plaintiffs' motion for a default judgment [14] is granted.  The Clerk is directed to enter judgment in favor of plaintiffs and against defendant in the amount of $695,774.88, plus additional interest on actual and estimated unpaid contributions from the filing of the motion for default judgment on January 24, 2023 to the date of this judgment in the amount of $16,033.38,[2] plus $6,393.73 in attorneys' fees and costs.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
        May 6, 2023

---

[2] Plaintiffs also ask for post-judgment interest at the statutory rate, but there is no reason to include that specification in the judgment as it applies to all federal judgments.  See 28 U.S.C. § 1961.